HARRIS, J.
During the search of Ms. Alexander’s apartment, Henderson was found in bed with her and two children. The children were hers by Henderson and she was expecting his additional child. Ms. Alexander lived in an apartment which prohibited occupancy by convicted felons and Henderson was one. When questioned by the officers conducting the search, Henderson denied living in the apartment and denied owning the clothing hanging in the closets and the duffle bag which was also located in the closet and contained firearms and documents, including a Xe *478 roxed copy of his social security card and driver’s license. Henderson was arrested for possession of a firearm by a convicted felon and, because he denied owning any clothes in the apartment, was taken to jail in his boxer shorts. He was convicted of the charge.
Henderson now claims on appeal that the State failed to rebut his hypothesis of innocence which was that the duffle bag and its contents belonged to Ms. Alexander’s other lover. This was her testimony. We believe, however, that the documents belonging to Henderson found in the duffle bag are sufficient evidence inconsistent with the defendant’s theory of the events to' send the issue to the jury.
Ms. Alexander’s testimony was so inconsistent and she was so thoroughly impeached that, although we agree that the prosecutor made an inappropriate comment during closing argument to the effect that he did not believe her, the prosecutorial misconduct was harmless.
Finally, we find that the court did not abuse its discretion in refusing to give the separate jury instruction on circumstantial evidence in this case.
AFFIRMED.
W. SHARP, and GRIFFIN, JJ., concur.